FILED
SEPTEMBER 22, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CORDELL SIMMONS, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 08 CV 3146 |
| OFFICER E.O. NWAGWU, OFFICER C. W. DAVIS, LIEUTENANT G. EVANS, and the CITY OF CHICAGO, a municipal corporation, | ) ) ) ) ) ) | Judge Manning Magistrate Judge Keys |
| Defendants. | ) ) ) | JURY TRIAL DEMANDED |

## **FIRST AMENDED COMPLAINT**

NOW COMES the plaintiff, CORDELL SIMMONS, by and through his attorney, Richard S. Zachary, and complaining of the defendants, OFFICER E.O. NWAGWU (badge #7099), OFFICER C. W. DAVIS (badge #17472), LIEUTENANT G. EVANS, and the CITY OF CHICAGO, a municipal corporation, states as follows:

### **Introduction**

1. This action is being brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of the Plaintiff's rights secured by the United States Constitution.

2. Plaintiff, a man in his middle twenties, was beaten and Tasered severely by the Defendant Officers, although he had committed no crime.

### **Jurisdiction and Venue**

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

4. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district. The events giving rise to the claims asserted in this proceeding, occurred within this district.

**The Parties**

5.     Plaintiff Cordell Simmons is 25 years old, and was enrolled as a full-time computer student at Moraine Valley Junior College when he was abused and battered by the Defendant Officers.

6.     On information and belief, all three individual defendants are police officers for the City of Chicago.

**Factual Background**

7.     On June 1, 2007, in or about the evening, the plaintiff was passenger in a CTA bus proceeding eastward on 79th Street, in Chicago, Illinois, on his way home after visiting a friend in a north suburb.

8.     At or about the intersection of 79th and Loomis, in Chicago, Illinois, plaintiff alighted from the bus. Shortly thereafter, plaintiff saw a light flash behind him, and observed a police car come to a stop. Officers One and Davis exited the vehicle with guns drawn.
Plaintiff waited peaceably as the officers approached him. Plaintiff had not committed a crime, nor broken any laws, nor committed any act which warranted arrest.

**Assault and Battery of the Plaintiff**

9.     As they approached the plaintiff, Officer Nwagwu stated, "What is this motherfucker doing?" Officer Davis pulled plaintiff to the police car and slammed him against the hood. Plaintiff, who suffers from acid-reflux disease, started to belch. Officer Nwagwu stated, "He has something in his mouth." Plaintiff stated that he didn't have anything, and that he was only belching because of his medical condition. Officer Nwagwu thereupon grabbed plaintiff by the throat and squeezed, demanding that he "spit it out."

10.     As plaintiff struggled to breathe, Officer Davis slammed plaintiff against the police car and punched him repeatedly. Officer Davis grabbed plaintiff by the shoulder, and pushed him to the

ground. As he was being pushed down, plaintiff hit his head against the bumper of the squad car and blacked out.

11. At the time that he was being assaulted and battered by the officers, plaintiff was not resisting the officers nor otherwise provoking them. Nor did plaintiff fight back as he was being assaulted and battered.

## Further Assault and Battery

12. When plaintiff recovered consciousness, he was being handcuffed and placed in the squad car. No explanation for his arrest was given to plaintiff by the officers.

13. The officers drove to the 006th District police station, and brought plaintiff to an interrogation room. Lieutenant Evans came up to plaintiff and demanded that he "spit it out." Plaintiff stated that he didn't have anything. Lieutenant Evans put plaintiff in a choke-hold and pushed him against the wall. Lieutenant Evans proceeded to punch plaintiff, telling him to "spit it out." Plaintiff again stated that he didn't have anything. Lieutenant Evans stated that plaintiff "was not cooperating," and left the room. Officer Nwagwu came back in and pulled off plaintiff's pants and shoes, causing plaintiff to fall to the floor, leaving him naked from the waist down.

14. Lieutenant Evans entered the room, holding a Taser gun. Lieutenant Evans repeatedly punched plaintiff in the face, causing his head to bounce off the wall, and causing plaintiff to fall to the floor. Evans thereupon placed his knee on plaintiff's chest, while Officers Nwagwu and Davis stood on his legs. Lieutenant Evans held the Taser gun against plaintiff's groin, telling plaintiff that he would Taser him if he didn't "cooperate." Plaintiff again explained that he didn't have anything. Lieutenant Evans proceeded to Taser plaintiff in the groin, under his testicles. In agony, plaintiff rolled onto his stomach. Lieutenant Evans grabbed plaintiff's wrist and twisted it against the floor. Officers Nwagwu and Davis, in unison, stomped upon plaintiff's wrist, causing his wrist to fracture.

Lieutenant Evans shot plaintiff a second time with the Taser gun, in his rectum.

15. The officers eventually allowed plaintiff to stand up. Lieutenant Evans walked toward the door, then turned and Tasered plaintiff twice more, hitting him in the right arm.

16. During these subsequent assaults and batteries, plaintiff did nothing improper to provoke the officers, and did not fight back. Shortly thereafter, plaintiff was taken to the emergency room to be treated for his injuries..

17. Plaintiff suffered a variety of injuries as a result of these assaults and batteries by the Defendant Officers, including but not limited to a fractured wrist; fractured facial bones; cuts, bruises and contusions; burns and other complications from the Taser gun; and profound emotional and psychological distress.

## Post-Assault Misconduct

18. At no point did plaintiff commit a crime or take any action to give the Defendant Officers probable cause to believe that he had committed a crime.

19. Nevertheless, plaintiff was falsely charged with crimes, including disorderly conduct and battery of a police officer. On or about July 26, 2007, these false charges were thrown out by the judge.

20. In addition to the physical injuries he suffered, the plaintiff was also emotionally traumatized by his beating and the injustice of its aftermath.

21. Plaintiff filed a complaint about his beating and mistreatment with the City's Office of Professional Standards ("OPS"), but then determined that his complaint would not be taken seriously and did not continue with his complaint.

## City of Chicago's Failure to Train, Discipline and Control

22. While subjecting plaintiff to the assault and battery described above, the Defendant

Officers were purportedly engaged in the enforcement of express policies and/or widespread practices and customs of the City of Chicago, namely the use of force upon purported suspects. However, the above-described acts of the Defendant Officers lacked any and all justification, and were heinous and unconscionable.

23. Municipal policy-makers have long been aware of the City of Chicago's policy and practice of failing to properly train, monitor and discipline its police officers.

24. Following two high profile, unjustified police shootings in 1999, the City Council conducted public hearings on the issue of the police department's policies and practices relating to the use of force. The Superintendent of the Police Department noted the need for better detection of potential problem officers and for accountability in the use of force.

25. A study performed in 2001 by the Justice Coalition of Greater Chicago concluded that the Chicago Police Department lacked many of the basic tools necessary to monitor, punish, and prevent police misconduct and brutality.

26. By its own accounting, in 2004 the City of Chicago sustained only four percent of the complaints brought against police officers, and subjected an even smaller percentage of such officers to discipline for misconduct.

27. In 1996, the City of Chicago willfully abandoned a program designed to track police officers repeatedly acting in an abusive manner, due to opposition from the Police Union. In 2000 and 2001, the City continued to refuse to implement a system allowing for detection of repeat police officer-offenders, although the Commission on Accreditation for Law Enforcement Agencies adopted a standard calling for such a detection system for large police agencies such as Chicago.

28. The City of Chicago has yet to implement a reliable system to detect, monitor, and preclude abusive conduct from officers with a penchant for excessive or unjustified use of force. Nor

has the City of Chicago's training of its officers undergone any change, in regard to instructing officers in the proper, and improper, uses of force, since 1999 – despite repeated promises from the City's lawmakers for a more comprehensive training program.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

1-28. The plaintiff restates and adopts the foregoing paragraphs 1-28, as though fully set forth herein.

29. As described in the preceding paragraphs, the conduct of the Defendant Officers toward the plaintiff constituted excessive force, in violation of the U.S. Constitution.

30. The misconduct of the Defendant Officers was objectively unreasonable and was undertaken intentionally with willful and wanton indifference to the plaintiff's constitutional rights.

31. The misconduct of the Defendant Officers, moreover, was undertaken with malice reckless indifference to the rights of the plaintiff.

32. The misconduct of the Defendant Officers was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    (a) As a matter of both policy and practice, the Chicago Police Department encourages the very type of misconduct at issue in this action, by failing to adequately train, supervise and control its officers,. such that its failure to so amounts to deliberate indifference;

    (b) As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct – leading officers to believe that their actions will never be scrutinized in a sufficient or adequate manner, especially when the OPS has refused to recommend discipline even where the officer has engaged in excessive force;

    (c) Municipal policy-makers condone and facilitate such misconduct by their very inaction, which is exacerbated by a "code of silence" in the Chicago Police Department by which officers fail to report misconduct by their fellow officers, such as the misconduct at issue in this case;

6

(d)     The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual and constructive knowledge of the same, thereby causing the types of injuries alleged here.

33.     As a result of the unjustified and excessive use of force by the Defendant Officers, as well as the City's policy and practice, plaintiff has suffered severe pain and injury, as well as emotional distress.

34.     The misconduct of the Defendant Officers was undertaken within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

WHEREFORE, the plaintiff, CORDELL SIMMONS, prays for entry of judgment in his favor and against the CITY CHICAGO and the three Defendant Officers, jointly and severally, as follows:

   A.   For his damages as proven at trial;

   B.   For reasonable attorneys' fees;

   C.   For his costs;

   D.   For such other relief as this Court may see fit to allow.

## COUNT II
### (42 U.S.C. § 1983 – Unlawful Seizure)

1-34.   The plaintiff restates and adopts the foregoing paragraphs 1-34, as though fully set forth herein.

35.     As described in detail in the preceding paragraphs, the Defendant Officers unlawfully detained plaintiff without legal justification.

36.     Such misconduct of the Defendant Officers was undertaken with malice, willfulness, and reckless indifference to rights of the plaintiff.

36.     The misconduct of the Defendant Officers, described in this Count, was undertaken

7

pursuant to the policy and practice of the Chicago Police Department, in the manner as described in the preceding paragraphs.

37. As a result of the above-described unlawful seizure by the Defendant Officers, plaintiff has suffered severe pain and injury, as well as emotional distress.

38. The above-described misconduct of the Defendant Officers was undertaken within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

WHEREFORE, the plaintiff, CORDELL SIMMONS, prays for entry of judgment in his favor and against the CITY CHICAGO and the three Defendant Officers, jointly and severally, as follows:

A. For his damages as proven at trial;

B. For reasonable attorneys' fees;

C. For his costs;

D. For such other relief as this Court may see fit to allow.

## COUNT III
### (42 U.S.C. § 1983 – Conspiracy )

1-38. The plaintiff restates and adopts the foregoing paragraphs 1-38, as though fully set forth herein.

39. Prior to the assault and battery of the plaintiff as described above, and/or at certain points during their unlawful detention of the plaintiff, the Defendant Officers, acting under color of law and within the scope of their employment, entered into an agreement amongst themselves and other unknown police officers to deprive plaintiff of his constitutional rights.

40. Such misconduct of the Defendant Officers was undertaken with malice, willfulness, and reckless indifference to rights of the plaintiff.

8

41. The misconduct of the Defendant Officers, described in this Count, was undertaken pursuant to the policy and practice of the Chicago Police Department, in the manner as described in the preceding paragraphs.

42. As a proximate result of this conspiracy, plaintiff has suffered damages, including the deprivation of plaintiff's constitutional rights and other injuries including profound trauma and emotional distress.

43. The misconduct of the Defendant Officers described in this Count was undertaken within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

WHEREFORE, the plaintiff, CORDELL SIMMONS, prays for entry of judgment in his favor and against the CITY CHICAGO and the three Defendant Officers, jointly and severally, as follows:

    A.    For his damages as proven at trial;

    B.    For reasonable attorneys' fees;

    C.    For his costs;

    D.    For such other relief as this Court may see fit to allow.

## COUNT IV
### (42 U.S.C. § 1983 – Failure to Intervene)

1- 43. The plaintiff restates and adopts the foregoing paragraphs 1- 43, as though fully set forth herein.

44. One of more of the Defendant Officers had a reasonable opportunity to prevent another Officer from violating plaintiff's constitutional rights as described above, had they been so inclined, but they failed to do so.

45. As a proximate result of the Defendant Officers' failure to intervene, plaintiff suffered

pain and injury, as well as emotional distress.

46. The misconduct described in this Count was objectively unreasonable, and was undertaken with malice, willfulness, and reckless indifference to rights of the plaintiff.

47. The misconduct of the Defendant Officers, described in this Count, was undertaken pursuant to the policy and practice of the Chicago Police Department, in the manner described more fully above.

48. As a proximate result of such misconduct, plaintiff has suffered damages, including the deprivation of plaintiff's constitutional rights and other injuries including profound trauma and emotional distress.

49. The misconduct of the Defendant Officers described in this Count was undertaken within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

WHEREFORE, the plaintiff, CORDELL SIMMONS, prays for entry of judgment in his favor and against the CITY CHICAGO and the three Defendant Officers, jointly and severally, as follows:

A. For his damages as proven at trial;

B. For reasonable attorneys' fees;

C. For his costs;

D. For such other relief as this Court may see fit to allow.

### COUNT V
### (State Law Claim – Assault and Battery)

1- 49. The plaintiff restates and adopts the foregoing paragraphs 1- 49, as though fully set forth herein.

50. As described in the preceding paragraphs, the conduct of the Defendant Officers,

acting under color of law and within the scope of their employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, and/or with reckless indifference to the rights of the plaintiff, causing plaintiff to suffer a reasonable apprehension of bodily harm; as well as grievous and lasting injuries and emotional distress.

51. The misconduct described in this Count was objectively unreasonable, and was undertaken with malice, willfulness, and reckless indifference to the constitutional and common law rights of the plaintiff.

52. As a result of the above-described misconduct by the Defendant Officers, plaintiff has suffered lasting injuries, trauma and distress.

53. The misconduct of the Defendant Officers described in this Count was undertaken within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

54. Considering the egregious nature of the Defendant Officers' misconduct, an award of punitive damages, of considerable and exemplary extent, is warranted.

WHEREFORE, the plaintiff, CORDELL SIMMONS, prays for entry of judgment in his favor and against the CITY CHICAGO and the three Defendant Officers, jointly and severally, as follows:

    A.    For his damages as proven at trial;

    B.    For punitive damages;

    C.    For his costs;

    D.    For such other relief as this Court may see fit to allow.

### COUNT VI
### (State Law Claim – Respondeat Superior)

1- 53. The plaintiff restates and adopts the foregoing paragraphs 1- 53, as though fully set

forth herein.

54. In committing the acts alleged in the preceding paragraphs of Count V, the Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times in the scope of their employment.

55. The defendant CITY OF CHICAGO is liable as principal for all torts committed by its agents.

56. As a result of the above-described misconduct by the Defendant Officers, for which their principal is liable, plaintiff has suffered lasting injuries, trauma and distress.

57. Considering the egregious nature of the Defendant Officers' misconduct, an award of punitive damages against the principal CITY OF CHICAGO, of considerable and exemplary extent, is warranted.

WHEREFORE, the plaintiff, CORDELL SIMMONS, prays for entry of judgment in his favor and against the CITY CHICAGO and the three Defendant Officers, jointly and severally, as follows:

    A.       For his damages as proven at trial;

    B.       For his costs;

    C.       For punitive damages against the Defendant Officers in their individual capacities;

    D.       For such other relief as this Court may see fit to allow.

### COUNT VII
### (State Law Claim – Indemnification)

1- 57. The plaintiff restates and adopts the foregoing paragraphs 1- 57, as though fully set forth herein.

58. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

59. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct as described herein.

WHEREFORE, the plaintiff, CORDELL SIMMONS, prays for entry of judgment in his favor and against the CITY CHICAGO and the three Defendant Officers, jointly and severally, as follows:

A. For his damages as proven at trial;

B. For punitive damages against the Defendant Officers in their individual capacities;

C. For his costs;

D. For such other compensatory relief as this Court may see fit to allow.

Respectfully submitted,

/s/Richard **S. Zachary**
Bar No.6197914
Attorney for Plaintiff
180 North LaSalle, Suite 1925
Chicago, Illinois 60601
Phone: (312) 795-9003
Fax: (312) 795-9004
e-mail: RSZ@zacharylaw.net